IN THE UNITED STATES DISTRICT COURT
IN FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Greenwood Fabricating & Plating, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STAG Greenwood 1, LLC and STAG Ware Shoals, LLC, <br><br> Defendants. | C.A. No.: _____ <br><br> **COMPLAINT** <br><br> (Non-Jury) |

Plaintiff, Greenwood Fabricating & Plating, LLC ("**Plaintiff**" or "**GFP**"), complaining of Defendants STAG Greenwood 1, LLC and STAG Ware Shoals, LLC (collectively, "**STAG Defendants**"), alleges and shows unto the Court the following:

## PARTIES:

1. GFP is a South Carolina limited liability company which is located in and does business in Greenwood County, South Carolina. GFP is a full service fabrication, machining, and electroplating company, which provides finished components to a wide classification of manufacturers. It operates two South Carolina commercial facilities, which are located at: (1) 215 Mill Avenue, Greenwood, Greenwood County, South Carolina 29648 ("**the Greenwood Premises**"), and (2) 100 Holloway Road, Ware Shoals, Abbeville County, South Carolina 29692 ("**the Ware Shoals Premises**") (collectively, the Greenwood Premises and the Ware Shoals Premises are referred to as "**the Premises**"). GFP's headquarters are located within the Greenwood Premises, and GFP utilizes the Ware Shoals Premises as a satellite manufacturing facility.

2. Defendant STAG Greenwood 1, LLC ("**STAG Greenwood**") is a Delaware limited liability company which, upon information and belief, is managed and has a principal place of business outside of the State of South Carolina. STAG Greenwood owns the Greenwood Premises, which is located in Greenwood County, South Carolina and which it leases to GFP.

3. Defendant STAG Ware Shoals, LLC ("**STAG Ware Shoals**") is a Delaware limited liability company which, upon information and belief, is managed and has a principal place of business outside of the State of South Carolina. STAG Ware Shoals owns the Ware Shoals Premises, which is located in Abbeville County, South Carolina and which it leases to GFP.

4. This is a declaratory judgment action based on GFP's obligations under its lease contracts with STAG Defendants for the Greenwood and Ware Shoals Premises.

## JURISDICTION & VENUE:

5. The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332 as: (a) there is complete diversity of citizenship between the parties because GFP is a South Carolina citizen and STAG Defendants are Delaware citizens, and (b) as explained below, the amount in controversy, exclusive of interest and costs, far exceeds $75,000.00 as STAG Defendants are demanding that GFP purchase almost $600,000 worth of new roofs for buildings.

6. Additionally, this Court has personal jurisdiction over STAG Defendants as those entities own real property in and conduct business in South Carolina and the lease contracts in question were to be performed in whole or in part in South Carolina.

7. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims stated in this Complaint occurred in this District.

## FACTS:

8. On February 25, 2005, STAG Defendants' predecessor, Greenwood Fabricating & Plating, Inc. ("**Original Landlord**"), entered into two lease agreements with GFP's predecessor, Greenwood Acquisition Company, LLC ("**Original Tenant**"), for the lease of the Greenwood and Ware Shoals Premises.

9. The lease for the Greenwood Premises is attached and hereby incorporated as **Exhibit A** ("**the Greenwood Premises Lease**"). Pursuant to that Lease's terms, the tenant's current annual rent is approximately $440,000.00.

10. The lease for the Ware Shoals Premises is attached and hereby incorporated as **Exhibit B** ("**the Ware Shoals Premises Lease**"). Pursuant to that Lease's terms, the tenant's current annual rent is approximately $77,000.00.

11. Subsequent to the execution of the Greenwood Premises Lease and the Ware Shoals Premises Lease (collectively, "**the Leases**"), Original Landlord changed its name to RWB of Greenwood, Inc., and Original Tenant changed its name to Greenwood Fabricating & Plating, LLC.

12. Additionally, the Leases were assigned several times.

13. For example, with regard to the Greenwood Premises Lease:

 a. In or around 2006, RWB of Greenwood, Inc. assigned its interest under the Greenwood Premises Lease to Greenwood RE, LLC;

WBD (US) 42509212v2

b. On or about March 20, 2007, Greenwood RE, LLC assigned its landlord interest in the Greenwood Premises Lease to STAG II Greenwood, LLC; and

c. On or about October 9, 2012, STAG II Greenwood, LLC assigned its interest in that Lease to Defendant STAG Greenwood.

d. In 2014, Greenwood Fabricating & Plating, LLC sold to GFP Acquisition Company, LLC. On August 1, 2014, Greenwood Fabricating & Plating, LLC assigned its entire leasehold interest in the Greenwood Premises Lease to GFP Acquisition Company and that entity's successors and assigns.

e. Subsequently, GFP Acquisition Company changed its name to Plaintiff Greenwood Fabricating & Plating, LLC ("**GFP**").

f. The current parties to the Greenwood Premises Lease are GFP and Stag Greenwood.

14. Additionally, with regard to the Ware Shoals Premises Lease:

a. On or around 2006, RWB of Greenwood, Inc. assigned its landlord interest in the Ware Shoals Premises Lease to Greenwood RE, LLC;

b. Less than two years later, on March 20, 2007, Greenwood RE, LLC assigned its landlord interest in that Lease to STAG II Greenwood, LLC; and

c. On October 9, 2012, STAG II Greenwood, LLC assigned its landlord interest in the Ware Shoals Premises Lease to Defendant STAG Ware Shoals.

d. In 2014, Greenwood Fabricating & Plating, LLC sold to GFP Acquisition Company, LLC. On August 1, 2014, Greenwood Fabricating & Plating, LLC assigned its entire leasehold interest in the Ware Shoals Premises Lease to GFP Acquisition Company and that entity's successors and assigns.

e. Subsequently, GFP Acquisition Company changed its name to Plaintiff Greenwood Fabricating & Plating, LLC ("**GFP**").

f. The current parties to the Ware Shoals Premises Lease are GFP and STAG Ware Shoals.

15. The Leases had initial lease terms of ten years (from February 25, 2005-February 28, 2015). However, the Leases granted the tenant the right and option to extend the lease terms for two additional periods of five years each.

16. On or about November 20, 2014, GFP exercised its options to renew both the Leases for five year terms that would begin on February 28, 2015 (and end in February 2020).

17. The Leases have identical provisions entitled "Repairs; Condition of Premises," which provide:

> The Premises are leased to Tenant "As is, where is," and Landlord has no obligation to repair or maintain the Premises. Tenant, at its own expense, shall maintain and keep the Premises in good repair, including, without limitation, all heating, air conditioning, electrical and plumbing equipment and facilities. In addition, Tenant shall (i) replace any and all broken plate or window glass in or about the Premises; (ii) make any repairs and replacements necessitated by the use and occupancy of the Premises by Tenant or by actions or inactions of its employees, agents, contractors, and invitees; and (iii) return the Premises at the expiration or termination of this lease to the condition they were in at the time Tenant took possession of the Premises, reasonable wear and tear excepted.

5

> If (i) Tenant does not make the repairs it is obligated to make to the Premises as required under this paragraph (7), or (ii) Landlord, in its discretion, determines that emergency repairs to the Premises are necessary, then, in either such event, Landlord may itself make such repairs without liability to Tenant for any loss or damage that may occur to Tenant's merchandise, fixtures, or equipment, or to Tenant's business by reason thereof unless such loss or damage is a result of Landlord's gross negligence in making such repairs; and upon completion of such repairs Tenant shall pay, as additional rent hereunder, the costs incurred by Landlord in making such repairs within twenty (20) days after demand for payment.

Exs. A, B, at ¶ 7.

18. Although the Leases require GFP to "make any repairs and replacements necessitated by" its "use and occupancy of the Premises [as] Tenant" and to "return the Premises at the expiration or termination of [the Leases] to the condition they were in at the time [GFP] took possession of the Premises, reasonable wear and tear excepted," id., the Leases do not include any language regarding capital improvements to the Premises or any requirement for GFP, as tenant, to pay for any capital improvements to the Premises.

19. At the time of the Leases' execution in February of 2005, the Greenwood Premises and the Ware Shoals Premises already had aging metal roofs on the buildings.

20. The Greenwood Premises is comprised of five buildings, which have a total roof area of approximately one hundred and six thousand one hundred and fifty (106,150) square feet. The buildings' current roofs were installed between 1987 and 1996.

21. The Ware Shoals Premises has a single roofing area of approximately twenty thousand (20,000) square feet. Its current roof was installed in 1989.

22. In August of 2014, STAG Defendants hired a roofing company, Roof Management, LLC ("**Roof Management**"), to evaluate the condition of all of the roofs at the Greenwood and Ware Shoals Premises ("**the Roofs**").

6

23. In written reports, Roof Management advised, in August of 2014, that the normal roof life span is twenty (20) years, and that the Roofs had been repaired in the past, but that they were in poor condition, "beginning to fail," "at the end of [] normal service life," and "beyond the means of repair."

24. Therefore, Roof Management recommended to STAG Defendants that the Roofs ultimately be replaced – some as early as the year 2015 – and it estimated that the Roofs' replacements would cost $805,875.00.

25. Specifically, Roof Management recommended to STAG Defendants the following replacement years and estimated the following replacement costs for the Roofs:

| Roof Name | Recommended Year of Replacement | Cost of Replacement |
|---|---|---|
| Greenwood Premises Original Building | 2015 | $156,000 |
| Greenwood Premises 1988 Metal Addition | 2016 | $187,987.50 |
| Greenwood Premises 1990 Building | 2020 | $236,250 |
| Greenwood Premises 1995 Southwest Building | 2025 | $20,250 |
| Greenwood Premises 1996 Metal Addition | 2015 | $85,387.50 |
| Ware Shoals Premises | 2015 | $120,000 |

WBD (US) 42509212v2

26. On February 8, 2018, STAG Defendants sent GFP a written demand about the Roofs, which is attached as **Exhibit C** ("the Demand").

27. In the Demand, STAG Defendants stated that Roof Management is of "the opinion" that the Ware Shoals Premises and three of the Greenwood Premises' buildings (the 1988 Metal Addition; the 1996 Metal Addition; and the Original Building) need *new* roofs in the year 2018. Ex. C.

28. The Demand asserts that: "Per lease Section 7 of both leases, replacement of the roof at the facility is a *tenant* responsibility." Id. (Emphasis added).

29. Although GFP has repaired and maintained the Roofs throughout its tenancy at the Premises, it has refused to purchase brand new Roofs for STAG Defendants or pay for any capital improvements to the Greenwood and Ware Shoals Premises.

30. GFP adamantly disputes that the Leases require it to pay for capital improvements, such as over half a million dollars' (and more than the costs of annual rent for the Premises) worth of brand new Roofs for STAG Defendants' buildings.

31. Instead, GFP contends that the Leases require STAG Defendants, as owners of those Premises, to purchase capital improvements and any required new Roofs for the Premises.

**FOR A FIRST CAUSE OF ACTION:**
**(Declaratory Judgment)**

32. GFP incorporates by reference all of the allegations contained in the paragraphs above.

33. Pursuant to S.C. Code Ann. §§ 15-53-10 et seq., and the inherent equitable powers of the Court, GFP brings this claim for a declaratory judgment that it is not obligated under the Leases to pay for capital improvements, such as brand new roofs, to the Greenwood and Ware Shoals Premises.

8
WBD (US) 42509212v2

34. A justiciable controversy exists between GFP and STAG Defendants with regard to ¶ 7 of the Leases and whose responsibility it is to pay for capital improvements, including new Roofs, at the Greenwood and Ware Shoals Premises.

35. As noted above, Paragraph 7 of the Leases requires GFP, as Tenant of the Premises, to "maintain and keep the Premises in good repair," to "make any repairs and replacements necessitated by the use and occupancy of the Premises by Tenant or by actions or inactions of its employees, agents, contractors, and invitees;" and to return the Premises at the expiration or termination of the Leases to the condition they were in at the time GFP took possession of the Premises, reasonable wear and tear excepted. Exs. A, B, ¶ 7.

36. The Leases contain no language that requires GFP to pay for capital improvements to the Premises.

37. Likewise, the Leases include no language that imposes an obligation on GFP to pay for brand new roofs on the Premises.

38. Nonetheless, STAG Defendants have demanded that GFP pay for brand new roofs for three buildings at the Greenwood Premises (the 1988 Metal Addition; the 1996 Metal Addition; and the Original Building) and for the Ware Shoals Premises.

39. Roof Management has advised STAG Defendants that new roofs for those buildings would cost an estimated $549,375.00.

40. Additionally, Roof Management, which has inspected the Roofs at the Greenwood and Ware Shoals Premises, determined that the Roofs need to be replaced because they are "at the end of [] normal service life," and "beyond the means of repair."

WBD (US) 42509212v2

41. In other words, the Roofs need to be replaced, not because of any use, occupancy, action, or inaction of GFP, but because they are simply at the end of their typical twenty (20) year lifespan.

42. Furthermore, the Roofs do not need to be replaced to "return the Premises . . . to the condition they were in at the time [GFP] took possession of the Premises," Ex. A-B, ¶ 7, as the Roofs were *not* new at the beginning of the Leases.

43. When the Leases became effective in February 2005, the Roofs were already between nine (9) and eighteen (18) years old. In particular, the Greenwood Premises' Roofs in question were installed in 1987 (Original Building), 1988 (1988 Metal Addition), and 1996 (1996 Metal Addition), and the Ware Shoals Roof was installed in 1989.

44. As a result, the plain and ordinary language of the Leases does not require GFP to pay over half a million dollars' worth of new Roofs for the Greenwood and Ware Shoals Premises.

45. Furthermore, any maintenance and repair obligations that the Leases impose on GFP do not extend to the replacement of the Premises' capital improvements or pre-existing structural components that have reached the end of their normal lifespans and are beyond the means of ordinary repair.

46. What's more, the Leases' plain language does not require GFP to purchase brand new Roofs which have average lifespans that would far outlast any GFP tenancy of the Premises, which is scheduled to end in 2020, which would constitute extraordinary capital improvements to the Premises, and put the Premises in a condition far better than they were in when GFP first became a tenant.

WBD (US) 42509212v2

47. Notably, STAG Defendants' unreasonable interpretation of the Leases (which seeks for GFP to buy them new Roofs and other capital improvements) seeks to impose an astonishing and unreasonable repair burden on GFP which monetarily exceeds the annual rent for both Premises and would unjustly enrich STAG Defendants, especially in light of the Leases' termination in the year 2020 and the average twenty year lifespan of metal roofs.

48. Because of GFP and STAG Defendants' ongoing dispute over the Roofs and Leases, a declaratory judgment is necessary and proper to determine whether the Leases require GFP to purchase new capital improvements, such as Roofs, for the Greenwood and Ware Shoals Premises.

**WHEREFORE**, Greenwood Fabricating & Plating, LLC respectfully requests that this Court issue a declaratory judgment that the Leases do not require it to purchase capital improvements, such as new Roofs, for the Greenwood and Ware Shoals Premises. It also respectfully asks the Court to award it such other and further relief as the Court may deem just and proper.

This 18th day of April 2018
Greenville, South Carolina

/s Clayton Custer
Clayton M. Custer (Fed. Bar No. 8045)
clay.custer@wbd-us.com
Catherine F. Wrenn (Fed. Bar No. 10230)
Catherine.wrenn@wbd-us.com
Womble Bond Dickinson (US) LLP
550 South Main Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 255-5400
*Attorneys for Plaintiff*

WBD (US) 42509212v2